## In the Matter of FEATHERWORKS CORPORATION, INC., Debtor.

### Bankruptcy No. 181–10650–21.

United States Bankruptcy Court, E.D. New York.

Oct. 15, 1984.

Finkel, Goldstein & Berzow, New York City, for debtor.

## OPINION

CECELIA H. GOETZ, Bankruptcy Judge:

Two applications are pending before the Court. The debtor herein, Featherworks Corporation, Inc. ("Featherworks"), is seeking an order approving a Second Amended Disclosure Statement and authorizing Featherworks to solicit acceptances or rejections of the "Debtor's Amended Plan of Reorganization." This application has generated a motion by Far West Garments, Inc. ("Far West"), the debtor's second largest unsecured, unrelated creditor, for an order (a) denying approval of the disclosure statement and disallowing a vote on the Second Amended Plan, and (b) dismissing or converting the case to a proceeding for liquidation under Chapter 7 of the Bankruptcy Code. Both applications have been served on all creditors. However, the only parties appearing at the hearing on them were the debtor and Far West each in support of its own application and in opposition to that of the other.

This proceeding has already been the subject of extensive opinions by the undersigned and by District Judge Edward R. Neaher of the Eastern District of New York. The opinion of the Bankruptcy Court, issued December 20, 1982, is reported at 25 B.R. 634. The Memorandum and Order of the District Court, filed on January 17, 1984 is not officially reported. Although an appeal was taken from Judge Neaher's Order, it has been withdrawn with the right of reinstatement. Familiarity with the earlier opinions herein will be assumed.

One of the matters discussed in these earlier opinions was a previous Plan of Reorganization submitted by Featherworks and the reasons why this Court was unwilling to confirm it. This Court was of the opinion that the debtor had "failed to make a positive showing that the Plan provides at least as much as liquidation would yield." 25 B.R. 643.

What liquidation would yield depended then—as it does now—upon the value of the debtor's real estate, a building in Denver, Colorado, and the validity of the encumbrances on it. Because of security interests no other property would be available to general creditors in the event of the debtor's liquidation. The only evidence of value of the building offered by the debtor at the confirmation hearing was a two-year old appraisal which this Court rejected as probative of present value. Far West also raised a question as to the *bona fides* of a Second Deed of Trust in the amount of $250,000.00 held by one Guy G. Joseph. If the Deed of Trust was not good or if it was good for less than its face amount, and if also the value of the building had greatly appreciated since its 1980 valuation, then creditors would receive more in liquidation than under the debtor's original plan. This Court assumed—mistakenly as it turned out—that Far West would be taking appropriate action to resolve the issue as to the validity of the Second Deed of Trust. The

Court reflected that expectation in its Opinion, writing:

> "Because it is clear that further proceedings will have to be had herein, nothing said herein with respect to the Second Deed of Trust held by Guy G. Joseph should be deemed final or to result in law of the case. The full facts respecting that Second Deed of Trust will have to be explored more fully in proceedings to which Guy G. Joseph may well have to be made a party." 25 B.R. at 643.

When the proceeding reached Judge Neaher, although he affirmed the result reached by this Court, he did so on the ground that this Court had left open the question as to whether or not creditors would receive less in the event of liquidation. Memorandum and Order, filed January 17, 1984, at Part IV. In an illuminating footnote Judge Neaher noted:

> "The Court must emphasize that the bankruptcy court has not precluded confirmation of this plan. Upon the submission of appropriate additional evidence the debtor may yet prevail; however, the record discloses nothing to prove that the bankruptcy court's determination that circumstances require additional evidence is erroneous. Therefore, the parties' extensive arguments, charges, and countercharges contained in their briefs are more properly directed to the bankruptcy court."

Now the debtor is returning to this Court with essentially the same plan. The principal difference is that unsecured creditors will receive $5,000.00 more, $45,000.00 is being distributed rather than $40,000.00, an insignificant difference in view of the magnitude of the debts owed unsecured creditors.

■ Because of the identity in the two plans, Far West says: "There is no reason to vote on it again." Application of Far West Garments, Inc., April 11, 1983, at 4. Far West notes that the debtor has steadily been losing money; that administration claims are soaking up whatever assets the debtor is accumulating and are eroding any equity may have in its real estate. Far

West, therefore, requests dismissal or conversion on the ground that the new plan is the same as the old plan and the debtor's continuing losses render unlikely the successful rehabilitation of the debtor.

Far West's motion is premature. That a corporation in Chapter 11 has been losing money does not constitute grounds for dismissal unless coupled with the "absence of a reasonable likelihood of rehabilitation." 11 U.S.C. § 1112(b)(1). Rehabilitation means confirmation of a feasible plan of reorganization. That a plan identical with that proposed by Featherworks two years ago failed of confirmation does not necessarily mean that this one will do likewise. To quote Judge Neaher: "Upon the submission of appropriate additional evidence the debtor may yet prevail."

Accordingly, it is too early before the hearing on confirmation to conclude that the present plan cannot be confirmed. That determination must await examination of the evidence offered at the hearing on confirmation.

Not only is Far West's application premature but it has supplied no evidence to show that the general creditors would benefit by dismissal or liquidation. Although Far West has challenged the reliability of the 1980 valuation of Far West real estate, it has not furnished the Court with any more recent figures and it has done nothing to invalidate the Second Deed of Trust on the property. Thus, according to the only figures currently in the record, in the event of liquidation or dismissal the general creditors would receive nothing rather than the $45,000 they are being offered under the debtor's Second Amended Plan. In these circumstances it would seem that the Court should be slow to put the debtor out of business.

Accordingly, Far West's application is denied.

■ Turning to the motion of Featherworks, no objection was taken by any creditor, including Far West, to the accuracy of the disclosure statement which substantially duplicates the statement approved by

this Court two years ago, except for the inclusion in the disclosure statement of references to various intervening events. In this connection there is a minor inaccuracy. The status of the appeal to the Second Circuit is not correctly stated. Providing this small omission is corrected, the Court will abide by its former decision approving a disclosure statement essentially the same as the present one. Therefore, the application of Featherworks is granted in all respects.

SETTLE ORDER.